# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **JUAN VINCENT BARKLEY** | : | CIVIL ACTION |
| *Plaintiff, pro se* | : | |
| | : | NO. 18-0964 |
| **v.** | : | |
| | : | |
| **MAJOR ABELLO, et al.** | : | |
| *Defendants* | : | |

NITZA I. QUIÑONES ALEJANDRO, J.                                            DECEMBER 14, 2018

## MEMORANDUM OPINION

On March 5, 2018, *pro se* Plaintiff Juan Vincent Barkley, then incarcerated at the Curran-Fromhold Correctional Facility ("CFCF"), asserted civil rights claims pursuant to 42 U.S.C. § 1983 against Major Abello, Warden May, Correctional Officer Lovis, Correctional Officer Pagett, "Medical Services Provider," and "Any, All Involved."[1] [ECF 1]. Shortly thereafter, Barkley filed a Notice of Change of Address indicating that he had been committed to the Norristown State Hospital. By Order dated March 19, 2018, Barkley was directed to either submit $400.00 (the $350.00 filing fee and $50 administrative fee) to the Clerk of Court or file a motion for leave to proceed *in forma pauperis*, with a copy of his prisoner account statement, within thirty (30) days. [ECF 3]. Barkley responded with two motions for leave to proceed *in forma pauperis*. [ECF 4, 5]. Based on his representations in those motions, Barkley was granted leave to proceed *in forma pauperis* by Order dated April 13, 2018. [ECF 6]. Barkley's complaint is now before this Court for screening pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii). For the following reasons, the Complaint is dismissed with leave to amend.

---

[1]      Barkley also names Ms. Moore as a Defendant on the second page of his Complaint. It is unclear whether he intends to proceed against her, as she was not included in the caption.

**I.      FACTS**

Barkley alleges that while incarcerated at CFCF, he submitted a "sick-call request in [the] appropriate mail box located at the front of [the] pod." (Compl. at 3.)[2] He "expected to be called to medical concerning [his] request," but had not been called as of January 15, 2018. (*Id.*). Barkley expected to be seen because of the "gravity of [the] medical issue." (*Id.*). As for injuries, Barkley alleges that his "degree of pain [was heightened] because [his] meds were no longer effective." (*Id.*). Barkley asks that the Defendants be ordered to immediately treat his medical issue and requests $35,000,000.00 in damages. (*Id.* at 5-6).

**II.     STANDARD OF REVIEW**

Because Barkley was previously granted leave to proceed *in forma pauperis*, this Court is required, under 28 U.S.C. § 1915(e)(2)(B)(ii), to dismiss the Complaint if it fails to state a claim. Whether a complaint fails to state a claim under § 1915(e)(2)(B)(ii) is governed by the same standard applicable to motions to dismiss under Federal Rule of Civil Procedure 12(b)(6), *see Tourscher v. McCullough*, 184 F.3d 236, 240 (3d Cir. 1999), which requires the Court to determine whether the complaint contains "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quotations omitted). Conclusory allegations do not suffice. *Id.* As Barkley is proceeding *pro se*, his allegations are construed liberally. *Higgs v. Att'y Gen.*, 655 F.3d 333, 339 (3d Cir. 2011).

**III.    DISCUSSION**

"To state a claim under § 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." *West v. Atkins*, 487 U.S. 42, 48 (1988).

---

[2]      The Court uses the pagination assigned to the Complaint by the CM/ECF docketing system.

Here, Barkley alleges that he did not receive medical care while incarcerated at CFCF. As discussed below, Barkley's Complaint, as pled, fails to state a plausible § 1983 claim.

The Eighth Amendment governs claims brought by convicted inmates challenging their conditions of confinement, while the Due Process Clause of the Fourteenth Amendment governs claims brought by pretrial detainees. *Hubbard v. Taylor*, 399 F.3d 150, 166 (3d Cir. 2005). Barkley's Complaint does not indicate his status during the relevant time. In any event, in the context of deficiencies in medical care, an inmate's rights are violated under either the Eighth or Fourteenth Amendment if a prison official acts with deliberate indifference to an inmate's serious medical needs. *See Farmer v. Brennan*, 511 U.S. 825, 835 (1994); *Goode v. Giorla*, 643 F. App'x 127, 129 n.3 (3d Cir. 2016) (per curiam). "[T]he official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." *Farmer*, 511 U.S. at 837.

First, Barkley has provided no facts regarding the serious medical needs he claims were left untreated. Moreover, nothing in the Complaint provides any facts to plausibly suggest that any of the individual Defendants were deliberately indifferent to his medical needs, as Barkley fails to describe how they were responsible for violating his rights, whether due to their own misconduct or their deliberate indifference to known deficiencies in a policy or procedure that violated his rights. *See Barkes v. First Corr. Med., Inc.*, 766 F.3d 307, 320 (3d Cir. 2014), *reversed on other grounds*, *Taylor v. Barkes*, 135 S. Ct. 2042 (2015). Because Barkley fails to mention these individuals in the body of his Complaint, he has not stated a basis for their liability.

As noted above, Barkley also names "Medical Services Provider" as a Defendant. To the extent Barkley is referring to the medical department at CFCF, the department is not a person subject to suit under § 1983. *See Fischer v. Cahill*, 474 F.2d 991, 992 (3d Cir. 1973) (concluding

that the prison medical department was not a person for purposes of § 1983). To the extent Barkley is referring to an entity that contracts to provide health services at CFCF, that entity may not be held liable under § 1983 unless its policies or customs caused a violation of Barkley's rights. *See Monell v. Dep't of Soc. Servs. of N.Y.*, 436 U.S. 658, 694 (1978); *Natale v. Camden Cty. Corr. Facility*, 318 F.3d 575, 583-84 (3d Cir. 2003). Here, Barkley has not alleged the existence of such a policy or custom in his Complaint. Accordingly, he cannot maintain his claims against "Medical Services Provider" at this time.

## IV. CONCLUSION

For the foregoing reasons, Barkley's Complaint is dismissed for failure to state a claim, pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii). However, Barkley may file an amended complaint in the event he can cure the defects noted above. An Order consistent with this Memorandum follows.

NITZA I. QUIÑONES ALEJANDRO, U.S.D.C. J.